IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RONALD VINCENT MELLOW, | Civ. No. 1:19-cv-01230-AA |
|     Plaintiff, | **OPINION & ORDER** |
| v. | |
| JOSEPHINE COUNTY, | |
|     Defendant. | |

AIKEN, District Judge.

Plaintiff Ronald Vincent Mellow seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. For the reasons set forth below, the Complaint, ECF No. 1, is DISMISSED with leave to amend and Plaintiff shall have thirty (30) days in which to file an amended complaint. The Court shall defer ruling on Plaintiff's IFP petition pending submission of an amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

The Complaint in this case is disjointed and lacks a coherent explanation of Mellow's claims, although it generally appears that Mellow intends to challenge tax lien foreclosures initiated by Defendant Josephine County. The Complaint indicates that federal jurisdiction is based on "Amendment 14 Section 1, Amendment 15 Right to Vote, Amendment 1 Petition to Redress Grievances, Due Process, Search [and] Seizure." Compl. 3. From this, the Court understands that Mellow intends to bring a claim for violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983.[1]

Beyond this, however, the Complaint lacks the details necessary for the Court to understand Mellow's claim or claims. Mellow alleges that in recent years, the County has foreclosed on numerous properties for failure to pay county taxes and has sold those properties at auction. Mellow alleges that these foreclosure sales have been "illegal" and an "abuse of the legal process," but does not explain how, nor does he allege sufficient facts to show that such foreclosures failed to comport with the requirements of the Due Process Clause of the Fourteenth Amendment or any of the other constitutional provisions cited by Mellow.

Mellow also alleges that the County "Board of Commissioners & Co. Attorney illegally amended a failed Ordinance 2013-002 into law using Ordinance 90-16," but the Complaint does not explain this allegation, nor does it connect the cited ordinances to the allegations concerning forfeiture of property for unpaid taxes.[2]

---

[1] Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

[2] It appears that both ordinances concern solid waste and nuisance abatement.

Additionally, although the Complaint alleges in general terms that the County has acted unlawfully to the detriment of hundreds of Josephine County property owners, it does not clearly allege that Mellow has personally been harmed by the County's actions, which raises questions of standing.

"[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III [of the United States Constitution]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Standing addresses whether the plaintiff is the proper party to bring the matter to the court for adjudication." *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). At an "irreducible constitutional minimum," Article III standing "requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury." *Wolfson v. Brammer*, 616 F.3d 1045, 1056 (9th Cir. 2010) (internal quotation marks and citation omitted).

In addition to these constitutional limitations on federal court jurisdiction, there are also prudential limitations on its exercise. *Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1103-04 (9th Cir. 2006). The doctrine of prudential standing "restrict[s] the grounds a plaintiff may put forward in seeking to vindicate his personal stake." *Id.* at 1104. Courts must consider, among other things, "whether the alleged injury is more than a mere generalized grievance, whether the plaintiff is asserting her own rights or the rights of third parties, and whether the claim in question falls within the zone of interests to be protected or regulated by the constitutional guarantee in question." *Wolfson*, 616 F.3d at 1056 (internal quotation marks and citation omitted). "As a prudential matter, even when a plaintiff has Article III standing, we ordinarily do not allow

third parties to litigate on the basis of the rights of others." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 917 (9th Cir. 2004).

The Complaint does not clearly allege an injury that is concrete and particularized, nor is it clear that Mellow is seeking to vindicate his own rights by bringing this case. Mellow does not clearly allege, for example, that his own property has been forfeited in an unlawful proceeding. Rather, it appears that Mellow is attempting to litigate a generalized grievance on behalf of property owners in Josephine County, in which case Mellow lacks standing to maintain this action.

In light of the deficiencies described above, the Court concludes that Mellow has failed to state a claim and the Complaint must be dismissed. The Court is mindful of the latitude that must be accorded to *pro se* plaintiffs, however, and Mellow will therefore be given leave to file an amended complaint.

In drafting the amended complaint, Mellow must bear in mind that the Court does not know anything about the facts of his case or the nature of his dispute with the County, other than what he chooses to include in the amended complaint. Mellow should allege enough facts for the Court to understand the nature of the claim, but not so much detail that the amended complaint ceases to be a "short and plain statement," as required by Federal Rule of Civil Procedure 8(a). Vague or conclusory allegations like "the defendant has acted illegally" do not assist the Court in understanding Mellow's claims. Instead, Mellow should focus on clearly explaining what the defendant has done, how Mellow personally has been harmed by the actions of the defendant, and why the defendant should be held liable for that harm. The Court encourages Mellow to consult the "Guide to Self-Represented Parties," which is available on the Court's website, for additional advice in drafting the amended complaint.

## CONCLUSION

For the reasons set forth above, the Complaint, ECF No. 1, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, until Plaintiff files an amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this __9th__ day of August, 2019.

_____
ANN AIKEN
United States District Judge