IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RONALD VINCENT MELLOW, | Civ. No. 1:19-cv-01230-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| JOSEPHINE COUNTY, | |
| Defendant. | |

AIKEN, District Judge.

Plaintiff Ronald Vincent Mellow seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 2. On August 9, 2019, the Court dismissed Mellow's original Complaint with leave to amend. ECF No. 7. On August 16, 2019, Mellow filed an Amended Complaint. ECF No. 8. For the reasons set forth below, the Amended Complaint is DISMISSED with leave to amend and Plaintiff shall have thirty (30) days in which to file a second amended complaint. The Court shall defer ruling on Plaintiff's IFP petition pending submission of a second amended complaint.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is

unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

Regarding the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

On August 9, 2019, the Court dismissed Mellow's original Complaint because it (1) lacked a coherent explanation of Mellow's claim or claims and (2) it was unclear whether Mellow had standing to bring the claims in question. The Court advised Mellow that he should clearly and concisely explain his claim or claims when amending the complaint.

The Amended Complaint is, much like the original Complaint, disjointed and difficult to understand. The Amended Complaint indicates that federal jurisdiction is based on the Fifteenth Amendment; the Fourteenth Amendment Due Process Clause; the Fourth Amendment; the Fifth Amendment; and the Eighth Amendment. From this, the Court once again understands that Mellow intends to bring claims for violation of his federal constitutional rights pursuant to 42 U.S.C. § 1983.[1]

Beyond this, however, the Complaint lacks the details necessary for the Court to understand Mellow's claim or claims. Mellow appears to allege that Josephine County Code ("JCC") 8.10.070 was enacted contrary to the will of the voters. The code provision in question concerns public health and nuisance.[2] The following section, which is headed "Due Process/Double Jeopardy," appears to allege that the County's system of enforcing JCC 8.10.070 is a violation of the Fourth Amendment's prohibition against search and seizure, the Fifth Amendment's Double Jeopardy Clause and Due Process Clause, and the Eighth Amendment prohibition on excessive fines. The

---

[1] Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

[2] Josephine County Code (JCC) 8.10.070 concerns "Conditions which constitute a danger to public health and/or safety," and prohibits such activities as the discharge of raw sewage, failure to properly secure putrescible waste, accumulation of dangerous solid waste, and the operation of unlicensed restaurants. Mellow alleges that JCC 8.10.070 "does not exist in the county approved Ordinance 90-16," and was fraudulently inserted, but code provision in question is contained in Josephine County Ordinance No. 90-16 as section 5.80.

Complaint does not, however, describe the enforcement system, nor does it describe any specific incidents, and so fails to state a claim for violation of those constitutional guarantees. As the Court explained in its previous order, vague or conclusory allegations are not enough to state a claim. Mellow must allege sufficient facts to state a plausible claim for relief. Mellow's personal stake in the litigation also remains unclear, which implicates the same questions of standing discussed in the Court's previous Order. Mellow may not litigate a generalized grievance on behalf of others.

The Amended Complaint also mentions Josephine County litigation concerning Mary Sigmon and Henry Allen. The Amended Complaint does not describe these cases, but the Court infers that they are possibly related to enforcement of JCC 8.10.070, although there is a reference to a receivership concerning property owned by Henry Allen. It appears that these cases are ongoing, although who these individuals are, or what their significance to Mellow's claims might be is not clear. To the extent that Mellow seeks to bring claims in this Court on behalf of Sigmon or Allen, he is lacks standing for the reasons described in the Court's previous Order. Furthermore, it is well settled that the right to appear *pro se* is personal to the litigant and non-lawyers may not appear on behalf of others. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008); *Johns v. Cnty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997).

Finally, the Amended Complaint alleges that Mellow has been evicted from property owned by Henry Allen and subjected to a criminal trespass judgment. The Amended Complaint does not clearly connect the eviction and criminal trespass judgment to the allegations concerning JCC 8.10.070. It is not clear whether Mellow is attempting to challenge the eviction and criminal trespass judgments in this case, but if so, such a challenge is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). If Mellow wishes to challenge either the judgment of eviction or the criminal trespass judgment, he should file a direct appeal with the appropriate state appellate court.

The Court concludes that the Amended Complaint fails to state a claim and Mellow shall be provided with another opportunity to amend. In drafting the second amended complaint, Mellow must bear in mind that the Court does not know anything about his situation or his dispute with Josephine County, other than what he has alleged in these pleadings. Mellow should also bear in mind that this Court does not have access to the dockets of the Josephine County Circuit Court and so references to filings made in that court are of limited use in the present case. Mellow should endeavor, using clear and concise language, to explain what the defendant has done, how Mellow personally has been harmed by it (as opposed to harm done to property owners or citizens of the county generally), and why he believes that the defendant should be held liable for the injury.

## CONCLUSION

For the reasons set forth above, the Amended Complaint, ECF No. 8, is DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file a second amended complaint. Plaintiff is advised that failure to file a second amended complaint within the allotted time will result in the entry of a judgment of dismissal. The Court defers ruling on Plaintiff's petition to proceed IFP, ECF No. 2, and Plaintiff's motions for appointment of counsel, ECF Nos. 3, 9, until Plaintiff files a second amended complaint or the time for doing so has expired.

It is so ORDERED and DATED this 20th day of August, 2019.

_____
ANN AIKEN
United States District Judge